**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ERVIN MADRID BENETH,

Petitioner,

v. Case No. 2:26-cv-03459-MIS-GJF

WARDEN, in his capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Ervin Madrid Beneth's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 15, 2026. On October 28, 2026, the federal Respondents filed a "Response to [the] Petition" ("Response"). ECF No. 7.[1] Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition for the reasons set forth herein.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 4. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Factual Background

Petitioner is a citizen of Honduras who entered the United States on or around December 9, 2024. Pet. at 17. Upon entry, Petitioner claimed credible fear as a basis for asylum and was released from custody on December 27, 2024, contingent on enrollment in the Alternatives to Detention Program. Form I-831, ECF No. 7-1. Upon his release he was provided a Notice to Appear for removal proceedings. Id. Since his December 2024 release, Petitioner has resided peaceably in the United States. Pet. at 17. Petitioner has maintained employment, attended all his immigration appointments, and through April 10, 2026, had no criminal record. Id. On April 10, 2026, Petitioner was arrested for driving without a license and served a 63-day sentence in Florida. Id. United States Immigration and Customs Enforcement ("ICE") took custody of Petitioner on June 13, 2026, upon the completion of his sentence. Id. Petitioner's enrollment in the ATD program was then terminated. Form I-831, ECF No. 7-1. He has been detained ever since and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Pet. at 1.

On August 25, 2026, an Immigration Judge ordered Petitioner removed to Honduras. Order of the Immigr. Judge I, Pet. at 27. Petitioner appealed the order, which remains pending according to the Executive Office for Immigration Review's ("EOIR") automated case information website. Pet. at 7; EOIR. August 27, 2026, an Immigration Judge held a bond hearing. Order of the Immigr. Judge II, Pet. at 31. The Immigration Judge denied bond stating only that Petitioner "Flight Risk – ordered removed, manner of entry into the United States." Id.

On October 15, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 5. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether any precedent requires relief. To the extent the

Government opposes the Petition, they must provide information to show the Petitioner had a constitutionally adequate bond hearing." Id.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his detention is unlawful and violates his Fifth Amendment right to due process, asserting the bond hearing was constitutionally inadequate. Pet. at 11. He seeks immediate release. Id. at 13. Respondents argue that Petitioner had a bond hearing, and therefore 8 U.S.C. § 1226(e) strips the Court of jurisdiction to review the Immigration Judge's discretionary judgment. Resp. at 3-4. Respondents argue that, having had a bond hearing, Petitioner has no constitutional right to be released during the pendency of immigration proceedings and has received all the process he is due. Id. at 4-5 (citing, inter alia, Reno v. Flores, 507 U.S. 302, 306

(1993)). Respondents make no substantive argument that the bond hearing was constitutionally adequate. See generally id.

While the Court does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court does have jurisdiction to review constitutional challenges to bond decisions. Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The Court therefore rejects Respondents' argument that § 1226(e) deprives the Court of jurisdiction to review Petitioner's assertion that his bond hearing was not constitutionally adequate.

To that point, the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1. An Immigration Judge "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate." In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

> These factors may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Id.

The Court finds the IJ's explanation deficient for the reasons set forth in Duong v. Mullin, __ F. Supp. 3d __, No. 2:26-CV-03009-MIS-JFR, 2026 WL 3030939, at *2-3 (D.N.M. Oct. 9, 2026), which the Court hereby adopts. Briefly, a bond decision that rests upon conclusory determinations based on blanket categories—e.g., removability and manner of entry—and not upon individualized facts specific to a petitioner, does not provide an individualized determination based on the actual circumstances of the noncitizen, and is thus not constitutionally adequate. Id.; see also Dong, 2026 WL 1959357, at *1 (bond determination must be individualized). Here, the Immigration Judge denied bond with a single sentence explanation stating only that Petitioner was a flight risk because he had been "ordered removed" and because of his "manner of entry into the United States." Order of the Immigr. Judge II, Pet. at 31. Respondents do not point to any other evidence to establish that the Immigration Judge provided further analysis to support the decision or make any argument that the bond hearing was constitutionally adequate. See generally Resp. As in Duong, the Immigration Judge's bond determination rests upon blanket categories and not individualized facts specific to petitioner and thus does not provide a constitutionally adequate individualized determination required by Santillan v. Quiroz, 180 F.4th 1226 (10th Cir. 2026). More, it cannot be the law that noncitizens subject to removal are per se flight risks, for then they would never be entitled to bond. See Salinas Rodriguez v. Warden, Case No. 2:26-cv-02400-MIS-LF, 2026 WL 2364465, at *2 (D.N.M. Aug. 4, 2026). Likewise, a bond determination resting on "manner of entry" without any explanation as to why such entry warrants a finding that petitioner is a flight risk is also constitutionally inadequate – and particularly so here where Petitioner was released into the Untied States pursuant to the alternatives to detention programs. See Duong, __ F. Supp. 3d __, 2026 WL 3030939, at * 2 (collecting cases).

Thus, while Petitioner received a bond hearing, the record before the Court does not suggest that Petitioner received a constitutionally adequate bond hearing for the purposes of § 1226(a). See Duong, 2026 WL 3030939, at *2-3; Dong, 2026 WL 1959357, at *1. As such, his continued detention violates his right to due process, and because Respondents have failed to articulate a legitimate interest in Petitioner's continued detention, the Court finds that immediate release is the appropriate remedy.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Ervin Madrid Beneth from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent a final order of removal without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk based on the considerations espoused in In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006); and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE